## MAGEHAN v. ORME & SPEERS.

1. Where replications are not filed within the time prescribed by the statute, and no objections are made to the filing of them after that time, and no motion made for a judgment of non-suit; after verdict for plaintiff, it is too late to raise the objection.

2. Unless all of the testimony is preserved in a bill of exceptions, this court will presume that the judgment of the circuit court, in the admission or exclusion of evidence, is correct.

Appeal from the St. Louis Circuit Court.

*T. Polk for Appellant.*

1. That the court below ought to have admitted the deposition of Joseph Dowling to be read to the jury.

2 That the replications of the defendants in error to the pleas of the plaintiff in error, not having been filed for three terms after the one at which they ought to have been put in, were irregularly filed, and judgment of *non pros* ought to have been entered up against them. See Code of 1835, page 458, sect. 9; 1 Chits. Pl. 257; Pugh v. Robinson, 1 T. R. 118.

*Darby for Appellee.*

It would be difficult for this court to decide that the circuit court erred, when no evidence whatever is preserved in the record. Hughes v. Ellisan, 5 vol. Mo. Decisions, page 110. The deposition of Dowling was properly rejected.

*Opinion of the Court by Napton, Judge.*

This was an action of assumpsit brought by the plaintiffs below against defendant, upon the common counts. The pleas were non-assumpsit and set-off. Replications were not filed until the third term after the pleas were put in. The plaintiffs had judgment, and defendant moved for a new trial, which was overruled. He then appealed.

The bill of exceptions does not preserve any of the testimony of the case, but shows that a certain deposition was offered to be read in evidence by defendant, and was objected to by plaintiffs, and rejected by the court, to which opinion of the court the defendant excepted.

Only two points have been raised on this record. It is first objected, that the replications were improperly filed; and, secondly, that the deposition was improperly excluded.

Our statute requires replications to be filed within thirty days of the commencement of the term at which the defendant is bound to appear. In this case the statute was not complied with; but no objection seems to have been taken to the filing of the replications, and no motion was made for a judgment of non-suit against the plaintiff. It is too late to raise the objection here.

In relation to the exclusion of Dowling's deposition, this court has nothing on the record to rebut the legal presump-

*Margin note: Where replications are not filed within the time prescribed by the statute, and no objections are made to the filing of them after that time, and no motion made for a judgment of*

MAY TERM, 1841.

Magehan v. Orme & Speers

non-suit after verdict for plaintiff, it is too late to raise the objection.

Unless all of the testimony is preserved in a bill of exceptions, this court will presume that the judgment of the circuit court, in the admission or exclusion of evidence, is correct.

tion in favor of the correctness of the action of the circuit court. It is not specified what objections were made to this deposition, nor can its relevancy or irrelevancy be ascertained, none of the testimony being preserved in the bill of exceptions.

Judgment is therefore affirmed.